**HALL STREET ASSOCIATES, L.L.C., a Washington Limited liability company, Plaintiff–Appellee,**

**v.**

**MATTEL INC., a Delaware corporation, Defendant–Appellant,**

**and**

**Tyco Industries, Inc, a Delaware corporation; et al., Defendants.**

---

\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

**Hall Street Associates, L.L.C., a Washington Limited liability company, Plaintiff–Appellant,**

**v.**

**Mattel Inc., a Delaware corporation, Defendant–Appellee,**

**and**

**Tyco Industries, Inc, a Delaware corporation; et al., Defendants.**

**Nos. 03–35525, 03–35526.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Nov. 16, 2004.

Michael A. Cohen, Esq., Schwabe Williamson & Wyatt, Portland, OR, for Plaintiff–Appellee.

Shirley M. Hufstedler, Esq., Peter Hsiao, Esq., Siegmund Shyu, Esq., Morrison & Foerster, LLP, Los Angeles, CA, for Defendant–Appellant.

Before: TROTT and KLEINFELD, Circuit Judges, and POLLAK,\* District Judge.

MEMORANDUM \*\*

Our en banc decision in *Kyocera Corp. v. Prudential–Bache Trade Services, Inc.*[1] controls this case. Under *Kyocera* the

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987 (9th Cir.2003) (en banc).

terms of the arbitration agreement controlling the mode of judicial review are unenforceable and severable.[2] The evidence that the parties intended that the entire arbitration agreement should fail in the event that the expanded standard of review provision failed is not strong enough to distinguish this case from *Kyocera.*

*Kyocera* compels us to vacate the district court's judgment based on the arbitration agreement and remand to the district court.[3] On remand the district court shall return to the application to confirm the original arbitration award (not the subsequent award revised after reversal), and shall confirm that award, unless the district court determines that the award should be vacated on the grounds allowable under 9 U.S.C. § 10, or modified or corrected under the grounds allowable under 9 U.S.C. § 11.[4]

Because we vacate the judgment based on the arbitration agreement we need not reach the attorneys' fees issue.

We affirm the district court's separate finding that Mattel was within its rights in terminating the lease. Although the lease termination provision suggests a possible scrivener's error when the lease was amended, no mistake is claimed nor reformation sought, and the parol evidence rule requires that this integrated agreement be enforced as written without consideration of extrinsic evidence.[5]

The parties shall bear their own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**

**2.** *Kyocera,* 341 F.3d at 1000–02.

**3.** *Id.* at 994 ("The Federal Arbitration Act, 9 U.S.C. §§ 1–16, enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard. Because the Constitution reserves to Congress the power to determine the standards by which federal courts render decisions, and because Congress has specified the exclusive standard by which federal courts may review an arbitrator's decision, we hold that private parties may not contractually impose their own standard on the courts.").

**4.** *Id.* at 997–98.

**5.** *See Indus. Indem. Co. v. Aetna Cas. & Sur. Co.,* 465 F.2d 934, 937 (9th Cir.1972).