**HALL STREET ASSOCIATES, L.L.C.,
a Washington Limited liability
company, Plaintiff—Appellee,**

v.

**MATTEL INC., a Delaware
corporation, Defendant—
Appellant,**

**and**

Tyco Industries, Inc., a Delaware corporation; Tyco Manufacturing Corp., an Oregon corporation; Tyco Toys, Inc., a Delaware corporation; View–Master Ideal Group, Inc., an Oregon corporation, Defendants.

Hall Street Associates, L.L.C., a Washington Limited liability company, Plaintiff—Appellee,

v.

Mattel Inc., a Delaware corporation, Defendant—Appellant,

and

Tyco Industries, Inc., a Delaware corporation; Tyco Manufacturing Corp., an Oregon corporation; Tyco Toys, Inc., a Delaware corporation; View–Master Ideal Group, Inc., an Oregon corporation, Defendants.

Nos. 05–35721, 05–35906.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 25, 2006.

Filed Aug. 1, 2006.

Michael T. Garone, Esq., Michael A. Cohen, Esq., Schwabe Williamson & Wyatt Pacwest Center, Portland, OR, for Plaintiff—Appellee.

Marc D. Blackman, Esq., Ransom & Blackman, LLP, Portland, OR, Shirley M.

Hufstedler, Esq., Peter Hsiao, Esq., Siegmund Shyu, Esq., Morrison & Foerster, LLP, Los Angeles, CA, for Defendant—Appellant.

Before: GOODWIN, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM *

This appeal of the district court's refusal to enforce an arbitration award is before us for the second time. *See Hall St. Assoc., LLC v. Mattel Inc.*, 113 Fed. Appx. 272 (9th Cir.2004). Initially, we reversed the district court for using an improper standard of review and provided instructions to enforce the arbitration award unless grounds for not doing so existed under either 9 U.S.C. §§ 10 or 11. *Id.* at 272. On remand, the district court again failed to enforce the arbitration award, this time because it was "implausible." Implausibility is not a valid ground for avoiding an arbitration award under either 9 U.S.C. §§ 10 or 11.

Although the arbitrator's assessment of the merits in this case contains possible errors of law, those errors are not a sufficient basis for a federal court to overrule an arbitration award. *See Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1486 (9th Cir.1991) ("We may not predicate reversal on ... erroneous findings of fact or conclusions of law."); *see also Hawaii Teamsters and Allied Workers Union, Local 996 v. United Parcel Serv.*, 241 F.3d 1177, 1181 (9th Cir.2001) ("Our task

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

is, in essence, to review the procedural soundness of the arbitral decision, not its substantive merit."). Furthermore, it cannot be said that the arbitrator's decision in this case is "completely irrational." *See Kyocera Corp. v. Prudential–Bache Trade Servs. Inc.,* 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (construing 9 U.S.C. § 10(a)(4), the only subsection of either 9 U.S.C. §§ 10 or 11 that could conceivably apply to the arbitration award in this case). Thus, we remand the case to the district court with instructions to enforce the original arbitration award and declare Mattel the prevailing party. The district court's award of attorneys' fees in favor of Hall Street is also reversed and the district court should determine the attorneys' fees and costs due to Mattel under the arbitration agreement.

GRABER, Circuit Judge, dissenting:

I respectfully dissent because, although the majority correctly identifies the governing legal principles, I conclude that the arbitrator's decision was completely irrational.

Paragraph 12(a) of the Lease provides, as relevant here, that "Tenant shall comply with all federal, state and local environmental laws and regulations in its use of the Premises." Paragraph 12(c) of the Lease provides that the tenant shall not be held liable for certain items "[t]o the extent Tenant has been in compliance with applicable environmental laws." In context, the only rational reading of the phrase "applicable environmental laws" in Paragraph 12(c) is as shorthand for "all federal, state and local environmental laws and regulations in [Tenant's] use of the Premises," the longhand description just given in Paragraph 12(a). That is, any environmental law with which the tenant was required to comply in its use of the premises was "applicable" within the meaning of Paragraph 12 as a whole. Paragraph 12(b) confirms the necessity of interpreting "applicable" in this way because it provides that the tenant "assumes all responsibility for the investigation and cleanup" of any hazardous waste on the premises and that the tenant is liable for, and must indemnify the landlord for, all costs resulting directly or indirectly from the "presence" of any hazardous waste on the premises.

This understanding of Paragraph 12 arises not only from the words and structure of the Lease, but also from the arbitrator's own findings as to the parties' intent. The arbitrator found that Mattel agreed to a comprehensive indemnification of Hall Street, irrespective of the time of the occurrence that resulted in the presence of hazardous wastes on the premises.

It is undisputed that the statute in question here is an "environmental law." The arbitrator's conclusion that the statute was not "applicable" is completely irrational in view of (a) the clear meaning of Paragraph 12 and (b) the undisputed facts that Mattel failed to test the water supply for eighteen years even though the statute required it to have done so, resulting in Mattel's signing of a consent order with the state's Department of Environmental Quality.

Accordingly, I would either affirm the decision of the district court (albeit on different grounds) or remand the case for reconsideration under the appropriate legal standard.